The Chief Justice
delivered the opinion of the court.
This is a writ of error to an order of Woodford county court, admitting to record an instrument of writing purporting to be the last will and testament of William Gains deceased.
That the instrument in question was duly made and published as the last will of the testator, cannot admit of controversy. The subscribing witnesses, of whom there were four, clearly prove that the testator was of full age and of sound mind; that he signed the instrument by making his mark, and acknowledged it to be his last will and testament; and that they attested it by subscribing their names thereto in his presence. The requisites of the act concerning wills, were, therefore, fully complied with, and the will must be deemed valid, unless by some subsequent act or event it has been revoked or annulled. This cannot be pretended to have been expressly done; but it is urged that the testator intended to have destroyed his will, and that he was forcibly prevented from doing so by the defendant in error, one of the devisees in the will; and hence it is insisted, that the will, though not expressly, was thereby virtually, revoked.
The testimony in relation to this point, shews that some few days before the testator’s death he declared himself dissatisfied with what he had done, and expressed a wish to destroy the will: that the will was sent for and brought from the house of a neighbor, to whom it had been given for safe keeping; that it was handed to the testator, who returned it immediately to the person who had presented it, telling him to take it back to the neighbor who before had it for safe keeping: That the person to whom the testator thus returned the will, went out of the house, and after a short time was told that the testator wanted the will: That he returned into the house, and when in the act of reaching *191 the will towards the testator, it was snatched from his hand by the defendant in error, and forcibly retained by him.
The intention of a testator to revoke a will, uncoupled with a revoking act, does not produce a revocation.
Construction is admissible only for cases of ambiguity, not when the words of a statute are clear.
A devisee by fraud or force presenting a testator from cancelling a will, may be a trustee for the heirs, but such conduct does not revoke a will.
Whether, if the testator had again gotten the will into his hands, he would have attempted to do any act which would have amounted to a revocation or destruction of it, is by no means certain. It is apparent, however, from the testimony of the witnesses, that his mind was so impaired, at that time, by the ravages of the disorder under which he labored, as to render him utterly incapable of acting efficiently for that purpose. But admitting the competency of the testator, at the time, to have revoked his will, and that he was prevented from doing so by the conduct of the defendant in error, we should still think that the will was not thereby revoked.
The act concerning wills, after having prescribed the manner in which a will shall be made, provides, “that no “devise, so made, or any clause thereof, shall be revokable “but by the testator’s or testatrix’s destroying, cancelling “or obliterating the same, or causing it to be done in his or “her presence, or by a subsequent will, codicil, or declaration in writing, made as aforesaid."
None of these acts were done, and we cannot under any circumstances substitute the intention to do the act for the act itself. Construction is admissible only where there is ambiguity; and there is no ambiguity in the provision referred to. To substitute the intention to do the act, instead of the act itself, without which the statute expressly declares the will shall not be revocable, would be changing the law, not expounding it.
A devisee, who by fraud or force, prevents the revocation of a will, may, in a court of equity, be considered a trustee for those who would be entitled to the estate, in case it were revoked; but the question cannot with propriety be made in a case of this kind, where the application is to admit the will to record.
The decree of the county court must be affirmed with costs.